# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Providence Props Inc.       :
                               :
         v.                 :   No. 933 C.D. 2018
                               :   Argued: May 6, 2019
Limerick Township        :
Board of Supervisors,     :
               Appellant   :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON            FILED: May 31, 2019

Appellant Limerick Township Board of Supervisors (Township) appeals from an order of the Court of Common Pleas of Montgomery County (trial court), dated June 1, 2018. The trial court, *inter alia*, granted Appellees Providence Props Inc.'s (PPI)[1] and Boyd Pennsylvania Partners, L.P.'s (Boyd)[2] Petition to Enforce Settlement Stipulation (Petition to Enforce). For the reasons set forth below, we affirm the trial court's order on alternative grounds.

The relevant facts, which the parties do not appear to dispute, are as follows. Chelsea Limerick Holdings LLC and PPI are the owners of certain real

---

[1] Although identified in the notice of appeal as "Providence Props Inc.," the parties refer to Appellee as "Providence Properties, Inc." in their briefs.

[2] By order dated February 25, 2019, this Court granted Boyd's petition to intervene and permitted Boyd to participate in this appeal as an appellee.

property located south of the Route 422 Expressway at its interchange with Evergreen Road in Limerick Township, Montgomery County (Property). The Property consists of approximately 260.33 acres spanning across five individual parcels.[3] The Property is located in the LLI Limited Light Industrial Zoning District (LLI District), which is governed by Article XXIII of the Township's Zoning Ordinance (Ordinance). Included in Article XXIII of the Ordinance is Section 184-163.1, which permits an Interchange Overlay option in the LLI District as a conditional use, provided that the subject property meets certain specified standards—*i.e.*, the subject property is a minimum of 60 acres, the subject property has at least one boundary along the right-of-way of the Route 422 Expressway, and "[a]t least a portion of the [subject property] is within 1,800 feet of any portion of a state-owned ramp of a limited access expressway." Upon approval of an LLI Interchange Overlay District as a conditional use, Article XXXI of the Ordinance, which governs the LLI Interchange Overlay District, applies, and the subject property can be developed for any of the following uses:

A. All permitted, special exception, and conditional uses in the [LLI District] and [the RB Retail Business District (RB District)].

B. Conference center.

C. Any use of the same general character as any of the other uses permitted in this district.

Section 184-221 of the Ordinance.

On March 21, 2005, PPI and the Association filed a Conditional Use Application (Application) with the Township, seeking conditional use approval to apply the Interchange Overlay option to the Property and "to use a portion of the

---

[3] The trial court further characterized the Property as one condominium known as the Chelsea Providence Condominium Association (Association).

2

[Property] for the immediate development of a premium outlet shopping center and for the future development of the remaining portions for other uses permitted [in] the [LLI Interchange Overlay District]." (Reproduced Record (R.R.) at 88a.) The Township conducted a hearing on the Application on June 21, 2005. Thereafter, on August 2, 2005, the Township issued a decision and order, granting the Application subject to certain enumerated conditions of approval. PPI appealed the Township's decision to the trial court, challenging the following conditions of the Township's approval:

2. Since the specific use of the remaining portion of the [P]roperty is unknown at the present time, the [Township] is unable to extend the grant of the approval granted above to these areas. [PPI and the Association] may, at a later date or dates, reopen and amend this [A]pplication in order to present supplemental evidence to justify the future development of other portions of the [Property]. Such applications shall include information regarding the proposed uses and their impacts of such development upon traffic, runoff and other major items of concern considered above for development of Phase I.

. . . .

8. All road improvements required by [the Pennsylvania Department of Transportation] to serve the proposed uses on the [P]roperty shall be installed at the sole cost of [PPI and the Association] and will not be considered as "off-site" improvements with regard to the impact fee assessment . . . .

(R.R. at 95a-96a.)

After PPI filed its appeal with the trial court, the matter remained mostly inactive. During the period of inactivity, on April 10, 2008, the Township amended Article XXXI of the Ordinance by adding Section 184-225.

3

Section 184-225 of the Ordinance applies to mixed-use development within the LLI Interchange Overlay District and sets forth certain standards that must be met if a proposed development "includes a combination of either [three] or more nonresidential uses . . . or [a] residential use plus [two] or more nonresidential uses." Subsequent thereto, on May 28, 2009, PPI and the Township entered into an agreement to settle PPI's appeal from the Township's decision, which agreement was approved by the trial court as a Settlement Stipulation and Order (Settlement Agreement). The Settlement Agreement provided, in pertinent part, as follows:

> [T]he Conditional Use Decision of the [Township] dated August 2, 2005 is amended as provided hereinafter:
>
> 1. Except as modified herein, all provisions of the [Township's] Conditional Use Decision dated August 2, 2005 remain in full force and effect.
>
> 2. The Conditional Use is approved for the entire property (260.33 +/- acres), which is the subject matter of [the Application].
>
> 3. [PPI and the Association] shall be permitted the following uses:
>
> > a. Permitted uses in the [LLI District];
>
> > b. Permitted uses outlined in § 184-221 [of the Ordinance] for approved "conditional use parcels."
>
> . . . .
>
> 6. The [trial c]ourt shall keep continuing jurisdiction of this matter to assure [sic] the implementation of the terms of this Settlement [Agreement].
>
> 7. This Settlement [Agreement] shall run with the [Property].

(R.R. at 52a-53a.)

At some point during the pendency of PPI's appeal from the Township's decision, but before PPI and the Township entered into and the trial

4

court approved the Settlement Agreement, Boyd purchased one of the five individual parcels comprising the Property (Boyd Property) from PPI. Thereafter, on December 4, 2017, TCT, LLC, which had entered into an agreement of sale with Boyd to purchase the Boyd Property, sent a letter to the Township's zoning officer, requesting written confirmation that, *inter alia*, "[a] mixed[-]use project, as referenced in Section 184-225 of the [Ordinance], is permitted to be developed on the Boyd [Property] and without having to obtain an additional conditional use approval." (R.R. at 101a-02a.) By letter dated February 22, 2008, the Township's zoning officer advised TCT, LLC, *inter alia*:

> The Settlement Agreement limits the uses to be any use set forth in Section 184-221 of the [Ordinance]. Section 184-225 (Mixed-use provision) is not included in the Settlement Agreement and therefore does not apply to the Boyd Property. A Conditional Use application proposing to opt into the Interchange Overlay option may be filed for the Boyd Property independent of the Settlement Agreement, but may be opposed by the Township because the property does not appear to meet the requirements of Section 184-163.1 of the [Ordinance].

(R.R. at 98a-99a.) Thereafter, on March 22, 2018, PPI and Boyd filed with the trial court a petition to reinstate PPI's appeal of the Township's decision,[4] a petition for leave for Boyd to intervene in the matter, and the Petition to Enforce, ultimately seeking, *inter alia*, an order from the trial court that a mixed-use project, as referenced in Section 184-225 of the Ordinance, could be developed on the Property, including the Boyd Property, pursuant to the terms and conditions of the Settlement

---

[4] The trial court had previously terminated PPI's appeal of the Township's decision for inactivity on January 27, 2012.

5

Agreement.[5]  On May 21, 2018, the trial court heard argument on the petition to reinstate and the petition to intervene and held a hearing on the Petition to Enforce. By decision and order dated June 1, 2018, the trial court:  (1) denied the petition to reinstate PPI's appeal of the Township's decision but retained jurisdiction for purposes of ruling on the Petition to Enforce; (2) granted Boyd's petition for leave to intervene; and (3) granted the Petition to Enforce.  With respect to the Petition to Enforce, the trial court reasoned as follows:

> On April 10, 2008, the Township amended Article XXXI of the LLI Interchange Overlay District to add § 184-225 which provides for mixed-use provisions. As of the date that the [trial c]ourt [approved] the [Settlement Agreement], § 184-225 was in full force and effect in the LLI Interchange Overlay District. Accordingly, mixed[]uses were permitted as of the date of the [Settlement Agreement].  The language of [s]ubparagraph (C) of § 184-221 incorporates the mixed-use provisions set forth in § 184-225.  Thus, these mixed uses were thereby incorporated and encompassed in [P]aragraph 3[(b)] of the [Settlement Agreement] which allows for the permitted uses outlined in § 184-221.

(Trial Ct. Decision at 7-8.)  The Township appealed the trial court's decision to this Court, and the trial court directed the Township to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925.  In its Rule 1925(a) opinion, the trial court further reasoned:

> A simple reading of the plain language of subparagraph (C) of Article XXXI § 184-221 reveals that the mixed-use provisions delineated in Section [184-]225 are permitted in the LLI Interchange Overlay District and are incorporated and encompassed in Paragraph 3(b) of the

---

[5] PPI and Boyd also appealed the Township's zoning officer's February 22, 2008 determination to the Township.  To this Court's knowledge, the Township has not yet scheduled a hearing on the matter due to PPI's and Boyd's request to hold the matter in abeyance pending the outcome of this case.

6

[Settlement Agreement]. Specifically, Section [184-]225, under any reasonable interpretation, would be included under "any use of the same general character as any of the other uses permitted in this district." Accordingly, Article XXXI § 184-225 of the [Ordinance] is available to the holder of the Boyd Property under the terms of the [Settlement Agreement].

Despite the disagreement of the parties over the interpretation of the [Settlement Agreement] and the [Ordinance], no ambiguity exists on the face of the [Settlement Agreement] or in the pertinent sections of the [Ordinance] when reading them in a normal, common sense fashion. Thus, this [trial] court cannot consult any extrinsic or parol evidence, such as testimony, for the purpose of determining the subjective intent of the parties with respect to the [Settlement Agreement]. Further, assuming *arguendo* there is an ambiguity in the [Ordinance] itself, any conflict in the pertinent language involved must be resolved in favor of Boyd, the landowner, and the least restrictive use of the land at issue. Reading the [Settlement Agreement] and the applicable [Ordinance] sections in the manner proposed by the Township would further restrict the use of the Boyd Property.

(Trial Ct. Rule 1925(a) Opinion at 7-8 (internal citations omitted).)

On appeal to this Court,[6] the Township argues that the trial court committed an error of law by interpreting the Settlement Agreement to permit PPI and Boyd to develop the Property utilizing the mixed-use provisions set forth in Section 184-225 of the Ordinance. The gist of the Township's argument appears to be that the trial court should have limited its analysis to the permitted uses set forth in Section 184-221 of the Ordinance but improperly expanded its analysis to include Section 184-225 of the Ordinance, thereby disregarding the terms and conditions of

---

[6] Contract interpretation is a question of law. *Riverside Sch. Dist. v. Career Tech. Ctr. of Lackawanna Cty.*, 104 A.3d 73, 76 (Pa. Cmwlth. 2014). "When the issues on appeal are questions of law, the standard of review is *de novo* and the scope of review is plenary." *Douglass Vill. Residents Grp. v. Berks Cty. Bd. of Assessment Appeals*, 84 A.3d 407, 408 n.3 (Pa. Cmwlth. 2014).

the Settlement Agreement. Alternatively, the Township argues that, to whatever extent the Settlement Agreement is ambiguous and there is more than one reasonable interpretation of the Ordinance and Settlement Agreement, the trial court committed an error of law by failing to consider the testimony presented regarding the subjective intent of the parties. In response, PPI and Boyd argue that Paragraph 3 of the Settlement Agreement is unambiguous and clearly provides that the Property, including the Boyd Property, can be developed for any of the permitted uses in the LLI District or the LLI Interchange Overlay District, which includes a mixed-use project, provided that any proposed development meets the standards set forth in Section 184-225 of the Ordinance. PPI and Boyd further argue that, because the terms of the Settlement Agreement are unambiguous, the trial court properly disregarded all parol evidence.

The enforceability of a settlement agreement is determined based on the principles of contract law. *Mastroni-Mucker v. Allstate Ins. Co.*, 976 A.2d 510, 517 (Pa. Super. 2009), *appeal denied*, 991 A.2d 313 (Pa. 2010).[7] "The fundamental rule in contract interpretation is to ascertain the intent of the contracting parties." *Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co.*, 905 A.2d 462, 480 (Pa. 2006). If the terms of the contract are clear and unambiguous, the intention of the contracting parties must be ascertained from the express language of the contract itself. *TIG Specialty Ins. Co. v. Koken*, 855 A.2d 900, 908 (Pa. Cmwlth. 2004), *aff'd*, 890 A.2d 1045 (Pa. 2005). When, however, the contract terms are ambiguous and are subject to more than one reasonable interpretation, the

---

[7] While we recognize that Pennsylvania Superior Court cases are not binding on this Court, such cases "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

court can consider parol evidence to resolve any ambiguity. *Amerikohl Mining, Inc. v. Mount Pleasant Twp.*, 727 A.2d 1179, 1182 (Pa. Cmwlth. 1999).

Here, the trial court is misguided in its reliance on Section 184-221(C) of the Ordinance to support its conclusion that Paragraph 3(b) of the Settlement Agreement permits the Property, including the Boyd Property, to be developed for a mixed-use project under Section 184-225 of the Ordinance. Contrary to the trial court's reasoning and interpretation, Section 184-225 of the Ordinance does not establish that a mixed-use project is a permitted use within the LLI Interchange Overlay District. Rather, Section 184-225 of the Ordinance merely sets forth additional standards that must be met if a mixed-use project is developed within the LLI Interchange Overlay District. Thus, the trial court's reasoning that a mixed-use project is a permitted use within the LLI Interchange Overlay District pursuant to Section 184-225 of the Ordinance and, therefore, that the Property, including the Boyd Property, can be developed for a mixed-use project because Section 184-225 of the Ordinance is incorporated into Paragraph 3(b) of the Settlement Agreement through Section 184-221(C) of the Ordinance is flawed.

This does not mean, however, that the Settlement Agreement precludes PPI and/or Boyd from developing the Property, including the Boyd Property, as a mixed use. Section 3 of the Settlement Agreement clearly and unambiguously provides that the Property can be developed for any of the "[p]ermitted uses in the [LLI District]" or the "[p]ermitted uses outlined in [Section] 184-221 [of the Ordinance] for approved 'conditional use parcels.'" Pursuant to Section 184-221(A) of the Ordinance, once a property has been approved for the LLI Interchange Overlay District as a conditional use, the property can be used for "[a]ll permitted, special exception, and conditional uses in the [LLI District] and [the RB District]."

9

There are no provisions within Article XXIII of the Ordinance, governing the LLI District, or Article XXX of the Ordinance, governing the RB District, that specifically preclude a developer from employing a mixed-use project at a property located within the LLI District or the RB District. In fact, Article XXX of the Ordinance contemplates that a property located within the RB District could possibly be developed for a mixed use.[8] Thus, Paragraph 3(b) of the Settlement Agreement, by its clear and unambiguous terms, establishes that a mixed-use project is permitted to be developed on the Property, including the Boyd Property, because mixed-use projects are permitted within the LLI Interchange Overlay District pursuant to Section 184-221(A) of the Ordinance. For these reasons, we conclude that, while the trial court's reasoning is flawed, the trial court properly granted the Petition to Enforce because the Settlement Agreement permits PPI, Boyd, or any other subsequent owner of the Property, including the Boyd Property, to develop a mixed-use project thereon. In addition, because the terms of the Settlement Agreement are clear and unambiguous, the trial court properly disregarded all parol evidence pertaining to the intent of the parties.

Accordingly, we affirm the trial court's order on alternative grounds.

P. KEVIN BROBSON, Judge

---

[8] For example, pursuant to Section 184-214(A) of the Ordinance, a planned retail business center, which is permitted within the RB District as a conditional use, "may include any use listed as permitted by right in the RB District."

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Providence Props Inc.                    :
                                         :
              v.                         :    No. 933 C.D. 2018
                                         :
Limerick Township                        :
Board of Supervisors,                    :
                        Appellant        :

# **O R D E R**

AND NOW, this 31st day of May, 2019, the order of the Court of Common Pleas of Montgomery County is hereby AFFIRMED on alternative grounds.

_____
P. KEVIN BROBSON, Judge